UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
PASSPORT INTERNATIONAL                  :
ENTERTAINMENT, LLC, a California        :
Limited Liability Company,              :
                                        :
                          Plaintiff, : Civil Action No. 07 Civ 8194 (VM)
                                        :
  -against-                            :
                                        :
HISTORIC FILMS ARCHIVE, LLC, a New      :
York Limited Liability Company,         :
                                        :
                         Defendant.   :
---------------------------------------------------------- X

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Historic Films Archive, LLC, ("Historic") by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck, P.C., moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the first amended complaint of plaintiff Passport International Entertainment, LLC ("Passport") on the basis that the purported assignment of contract upon which Passport asserts is rights is void, leaving Passport without legal standing to bring suit.

## PRELIMINARY STATEMENT

Though Passport asserts claims for breach of contract and express and implied indemnity under a stock footage license agreement, the unalterable fact is that Passport has no contractual privity with Historic and, as a matter of law, cannot assert claims under that agreement. The purported assignment and transfer of those claims as set forth in paragraphs 15

{00362793.DOC;1}

through 18 of the first amended complaint are expressly prohibited under paragraph 9 (B) of the stock footage license agreement which states that the agreement itself "is personal to and for the sole benefit of the Licensee and the Licensee shall not be entitled to assign, transfer, license, sell or dispose in any way of any of its rights, interests, or obligations under this agreement to any third party." Moreover, even beyond the contractual bar to Passport's standing, the circumstances surrounding the purported assignment and transfer of the claims to Passport have already been adjudicated to be fraudulent by the United States District Court for the Central District of California in another case.

Indeed, the action at bar is just the latest in a series of thinly-veiled attempts by Passport, its related entities, owners and operators, to seek refuge and to avoid having to satisfy a substantial money judgment arising out of the operations of Passport International Productions ("PIP") and those of its owner, Mr. Dante Pugliese. Not more than a week ago, on December 13, 2007, the Honorable Ronald S. W. Lew, United States District Judge for the Central District of California, in a case styled <u>Elvis Presley Enterprises, Inc., et al. v. Passport Entertainment, et al.</u>, No. CV-02-7042 (the "California Action"), granted the plaintiff judgment-creditors' motion to include Passport, the plaintiff in the action at bar, as a judgment-debtor based upon the finding that the very transfer and assignment alleged in this case was fraudulent in nature and without adequate consideration. Unmistakenly, Passport has filed this action in the Southern District of New York -- as a purported assignee of PIP -- in order to insulate PIP from the fallout of judgment enforcement proceedings and the likely attachment of any recovery which it hopes to obtain in this case.

Passport has fundamentally miscalculated its ability to stand in PIP's shoes as a plaintiff. Perhaps distracted by its clever scheme to stay one step ahead of its creditors, Passport

ignores the clear and unequivocal terms of the Stock Footage License Agreement between PIP and Historic which prohibits assignment and warrants dismissal of the first amended complaint based upon Passport's clear lack of standing. Based upon the points and authorities cited herein, the first amended complaint should therefore be dismissed.

## STATEMENT OF FACTS

In or about July 2003, PIP and Historic entered into a license agreement (the "Stock Footage License Agreement") pertaining to certain motion picture footage of performances by the musical group KISS during a concert at Roosevelt Stadium in 1976 (the "Stock Footage"). Complaint, ¶4.[1] The unambiguous terms of the Stock Footage License Agreement state that PIP's use of the Stock Footage "may require other consents, releases, or licenses from parties other than [Historic]" and PIP specifically agreed "to be solely responsible for obtaining all such necessary consents, clearances, releases or licenses...." Complaint, Exhibit A, ¶ 7(A).

The Stock Footage License Agreement also clearly and unambiguously prohibits any assignment or transfer of rights. The Stock Footage License Agreement was intended expressly to be "personal to and for the sole benefit of [PIP] and [PIP] shall not be entitled to assign, transfer, license, sell or dispose in any way of any of its rights, interests or obligations under [the Stock Footage License Agreement] to any third party." Complaint, Exhibit A, ¶9(B). The Stock Footage License Agreement further provides that any attempt by PIP to assign its rights would be null and void. Complaint, ¶9(E) ("failure to comply with any of the terms and conditions of [the Stock Footage License Agreement] will render [the Stock Footage License Agreement] null and void *ab initio*").

---

[1] "Complaint, ¶__" refers to the First Amended Complaint by Passport dated October 31, 2007.

In November of 2003, PIP was sued by KISS alleging a myriad of claims including trademark infringement, trademark dilution, and unfair competition arising out of PIP's use of the KISS footage. Complaint, ¶8. Following substantial and protracted litigation, a permanent injunction was ultimately issued in 2006 enjoining PIP's marketing and distribution of any material using the Stock Footage. Complaint, ¶14.

Passport alleges that on April 26, 2006, Florence Pugliese -- the 94 year old mother of Dante Pugliese, the person behind all of the Passport entities -- purchased all of PIP's assets, including the Stock Footage License Agreement, at a foreclosure auction.[2] Complaint, ¶15. Plaintiff further alleges that all asset(s) purchased by Pugliese were simultaneously transferred to Passport. Complaint, ¶16. On this basis, Passport seeks to assert claims against Historic under the Stock Footage Agreement.

---

[2] In the California Action, the plaintiff judgment-creditors had already secured a money judgment of $2,739,206.83 against PIP and its related entities. Declaration of K. Luan Tran sworn to on December 18, 2007 ("Tran Dec.") ¶3, and more recently sought to include Passport, the nominal plaintiff here, as an additional judgment debtor in the California Action on the basis that certain transfers from PIP to Passport were fraudulent. Tran Dec. ¶4. The District Court agreed that the alleged transactions between PIP and Passport were fraudulent in nature and granted the motion to add Passport as a judgment debtor. Tran Dec., ¶5.

# ARGUMENT

## POINT I

### PIP'S PURPORTED ASSIGNMENT OF ITS RIGHTS UNDER THE STOCK FOOTAGE LICENSE AGREEMENT VIOLATES THE EXPRESS TERMS OF THE AGREEMENT AND IS VOID RENDERING PASSPORT WITHOUT STANDING TO BRING SUIT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will limit its consideration to "the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted). On this motion to dismiss, this Court may take judicial notice of "matters of general public record." Funcia v. NYSE Group, 2007 WL 4276897 (S.D.N.Y., December 3, 2007); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (holding that documents filed in another court may be judicially noticed); Amsterdam v. Goldreyer, Ltd., 882 F.Supp. 1273, 1279 (E.D.N.Y. 1995) (holding that prior judgments may be judicially noticed). See also, F.R.E., 201. The judgment enforcement proceedings through and including Judge Lew's December 13, 2007 Order are properly before the Court on Historic's motion to dismiss. In reviewing the complaint, all allegations will be deemed true and all inferences will be construed in favor of plaintiff's position. Grandon v. Merrill Lynch & Co., Inc., 147 F.3d 184, 188 (2d Cir. 1998).

If, after analyzing all relevant matter, it remains clear that Passport has no viable claim against Historic, the Court should dismiss the complaint. Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Where as here, there is no set of circumstances

under which plaintiff will be able to state any viable claim, and the defect in the complaint cannot be cured by amendment, the dismissal should be with prejudice and plaintiff should not be granted leave to amend. Id. The Court should dismiss this action with prejudice since Passport has no standing to bring any claims against Historic.

Plaintiff seeks to assert rights by way of a purported assignment of the Stock Footage License Agreement from PIP. However, the Stock Footage Agreement expressly voids any such assignment, leaving Passport without standing to maintain this action. It is well settled that the parties may agree by contract to prohibit assignments. Allhusen v. Caristo Construction Corp., 303 N.Y. 446, 452 (1952) ("where appropriate language is used, assignments . . . may be prohibited."); see also, Fidata Trust Company of New York v. Federal Deposit Insurance Corp., 826 F. Supp. 105, 107 (S.D.N.Y. 1993) (citations omitted).

The Stock Footage License Agreement clearly and unequivocally prohibits any assignment and provides further that any such assignments would be null and void. PIP expressly agreed that the Stock Footage License Agreement was "personal to and for the sole benefit" of PIP and that PIP "shall not be entitled to assign, transfer, license, sell or dispose in any way of any of its rights, interests or obligations under this Agreement to any third party." Complaint, Exhibit A, ¶9(B). The Stock Footage License Agreement further provides that any purported assignment would be "null and void ab initio." Complaint, Exhibit A, ¶9(E) ("failure to comply with any of the terms and conditions of [the Stock Footage License Agreement] will render this [Agreement] and the license conveyed thereunder null and void ab initio....").

Where, as here, the contractual language prohibiting assignment "contains clear, definite and appropriate language declaring the invalidity of such assignments," the Courts will treat such assignments as void. Sullivan v. International Fidelity Insurance Company, 96 A.D.2d

555, 556, 465 N.Y.S.2d 235, 235 (2d Dep't 1983); see also, Fidata Trust, 826 F. Supp. at 107 ("An unequivocal statement that an agreement is 'not . . . assignable' operates to make any assignment ineffective")(citing, General Electric Credit Corp. v. Zerox, 112 A.D.2d 30, 490 N.Y.S.2d 407 (4th Dep't 1985). Inasmuch as Passport seeks to sue on a void assignment, plaintiff is without standing to maintain suit. Cole v. Metropolitan Life Insurance Co., 273 A.D.2d 832, 834, 708 N.Y.S.2d 789, 790 (4th Dep't 2000).[3]

Moreover, the Court's decision in the California Action concerning the same assignment at issue here is one appropriate for judicial notice, and this Court should consider it when reaching a decision on this motion. Kramer, 937 F.2d at 774; Amsterdam, 882 F.Supp. at 1279. Here, Passport's standing flows directly from its purported assignment from PIP, an assignment which was deemed to be fraudulent in nature in the California Action. This court may take judicial notice of the California Action in deciding this motion.

Since plaintiff does not have standing under the Stock Footage Agreement, its complaint fails to state a claim upon which relief can be granted. Furthermore, it is clear that plaintiff will be unable to allege any set of facts sufficient to confer standing upon it. Therefore, leave to amend would be inappropriate as futile. See Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198-99 (2d Cir. 1989).

---

[3] In the event that the Court is unable to resolve the validity of the assignment on this motion to dismiss, defendant reserves its rights under Rule 17(a) of the Federal Rules of Civil Procedure that the real party in interest --PIP-- is not before this Court.

## CONCLUSION

For the foregoing reasons, Passport's complaint should be dismissed with prejudice.

Dated:   New York, New York
         December 20, 2007

                                 ROBINSON BROG LEINWAND GREENE
                                 GENOVESE & GLUCK, P.C.

                                 _____
                                 David M. Levy, Esq. (DL-7255)
                                 Erach F. Screwvala, Esq. (ES-3317)
                                 Donna Bates, Esq. (DB-7565)
                                 Attorneys for Defendant
                                 1345 Avenue of the Americas
                                 New York, New York  10105-0143
                                 (212) 603-6300