1  LEE & TRAN APLC
   K. Luan Tran, SBN 193808
2  Johnny Kim, SBN 230853
   1055 W. 7TH Street, Ste. 2820
3  Los Angeles, CA 90017
   Telephone: (213) 612-3737
4  Fax: (213) 612-3773
   klt@leeandtran.com
5

6  Attorneys for Plaintiffs/Judgment Creditors
   Elvis Presley Enterprises, Inc., National
7  Bank of Commerce, SOFA Entertainment,
   Inc., Jayne Meadows Allen, Jerry Lieber,
8  Mike Stoller, Julian J. Aberbach, and
   Alfred Wertheimer
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  ELVIS PRESLEY ENTERPRISES,          ) Case No. CV 02-7042 RSWL (RZx)
    INC., a Tennessee corporation,      )
14  NATIONAL BANK OF COMMERCE,          ) JUDGMENT CREDITORS' NOTICE
    trustee of "THE PROMENADE           ) OF MOTION AND MOTION TO
15  TRUST"; SOFA ENTERTAINMENT,         ) AMEND JUDGMENT TO ADD
    INC., a California corporation; JAYNE ) PASSPORT INTERNATIONAL
16  MEADOWS ALLEN, trustee of the       ) ENTERTAINMENT, LLC AS
    "ALLEN FAMILY RECOVABLE             ) ADDITIONAL JUDGMENT
17  LIVING TRUST"; JERRY LEIBER,        ) DEBTOR
    individually and dba JERRY LEIBER   )
18  MUSIC; MIKE STOLLER individually    ) [Supporting Declaration of K. Luan Tran,
    and dba MIKE STOLLER MUSIC;         ) Esq., Request for Judicial Notice,
19  JULIAN J. ABERBACH and ALFRED       ) Appendix of Outside Authorities, and
    WERTHEIMER, an individual;          ) [Proposed] Order, concurrently lodged
20                                      ) under separate cover.]
              Plaintiffs,               )
21      vs.                             ) Hearing Date: December 4, 2007
                                        ) Time:        10:00 a.m.
22  PASSPORT ENTERTAINMENT, a           ) Room:        21
    California corporation; PASSPORT    ) Judge:       Hon. Ronald S.W. Lew
23  VIDEO, a business of unknown form and)
    origin; PASSPORT INTERNATIONAL      )
24  PRODUCTIONS, INC., a California      )
    corporation; PASSPORT               )
25  INTERNATIONAL PRODUCTIONS           )
    OF CALIFORNIA, INC., a California    )
26  corporation; DANTE J. PUGLIESE, an  )
    individual, and DOES 1 through 10,  )
27  inclusive,                          )
                                        )
28            Defendants.               )
    _____

                          1

JUDGMENT CREDITORS' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT AND
ADD PASSPORTINTERNATIONAL ENTERTAINMENT, LLC AS ADDITIONAL JUDGMENT DEBTOR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO:   PASSPORT INTERNATIONAL ENTERTAINMENT, LLC, AND

ITS ATTORNEY OF RECORD, AS WELL AS ALL PARTIES AND THEIR

RESPECTIVE ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on December 4, 2007 at 10:00 a.m. or as

soon thereafter as the matter may be heard, in Courtroom 21 of the United States

District Court located at 312 N. Spring St., Los Angeles, California, 90012, before

the Honorable Ronald S.W. Lew, Judge of the United States District Court, Central

District of California, Judgment Creditors  ELVIS PRESLEY ENTERPRISES,

INC., a Tennessee corporation, NATIONAL BANK OF COMMERCE, trustee of

"THE PROMENADE TRUST"; SOFA ENTERTAINMENT, INC., a California

corporation; JAYNE MEADOWS ALLEN, trustee of the "ALLEN FAMILY

RECOVABLE LIVING TRUST"; JERRY LEIBER, individually and dba JERRY

LEIBER MUSIC; MIKE STOLLER individually and dba MIKE STOLLER

MUSIC; JULIAN J. ABERBACH and ALFRED WERTHEIMER, an individual,

will, and hereby do, by and through their motion, move to amend the judgment

issued in this matter to add PASSPORT INTERNATIONAL ENTERTAINMENT,

LLC ("PASSPORT LLC") as an additional judgment debtor.

Judgment Creditors' "Motion to Amend Judgment to Add Passport LLC as

an Additional Judgment Debtor" ("Motion") will be based upon the procedures and

rules set forth under *Fed. R. Civ. P.* 69(a), *Cal. Code of Civ. Proc.* Sec. 187, and

applicable case law.  More specifically, Judgment Creditors seek to add

2

1   PASSPORT LLC as an additional judgment debtor on the grounds that: (i)

2   PASSPORT LLC is but a mere continuation of Judgment Debtor PASSPORT

3   INTERNATIONAL PRODUCTIONS OF CALIFORNIA, INC. ("PASSPORT

4

5   CA"), (ii) PASSPORT LLC was created by the Judgment Debtors as part of a

6   fraudulent scheme to put the assets of PASSPORT CA beyond Judgment

7
    Creditors' reach, and thus, (iii) PASSPORT LLC is liable for the debts of
8

9   PASSPORT CA justifying amendment to the judgment to add PASSPORT LLC as

10  an additional judgment debtor.

11
            Judgment Creditors' Motion is based upon this Notice, the following
12

13  Memorandum of Points and Authorities, the concurrently lodged Declaration of K.

14  Luan Tran, Esq., the documentary evidence attached to the Request for Judicial

15
    Notice, and upon such other and further oral and documentary evidence as may be
16

17  presented to this Honorable Court at the time of the hearing.  Counsel for Judgment

18  Creditors' has complied with Local Rule 7-3 by inviting counsel for PASSPORT

19
    LLC to meet and confer regarding this Motion.  The latter refused to accept this
20

21  invitation.

22

23  DATED:  November 8, 2007

24                                      LEE & TRAN APLC

25

26                                      By _____
                                             K. Luan Tran
27
                                             Attorneys for Plaintiffs/Judgment Creditors
28

                                            3

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

At the September 24, 2007 hearing on Judgment Creditors' Affidavit of Identity to add Passport International Entertainment, LLC to the writ of execution ("Affidavit of Identity"), this Court expressly stated:

> **I'm not happy denying your request.  I think there is more than meets the eye here…There is substantial evidence that Judgment Debtors improperly conveyed assets to Passport International Entertainment and that Passport International Entertainment is a mere continuation of the Judgment Debtors.[1]**

This ruling was the product of a telling past.  In the midst of a hard fought litigation in the underlying case, Judgment Debtors suddenly abandoned their defense on April 12, 2006 (which resulted in a default judgment in 2007).[2]  On the very next day, they incorporated a new entity called Passport International Entertainment, LLC ("Passport LLC").  A few days later, Florence Pugliese (the 92- year old mother of Judgment Debtor Dante Pugliese, who another court has found to have defrauded his creditors) came out of nowhere to "foreclose" on the assets of the Passport Debtors.  She purportedly bought all of these assets for about $3 million, much less than the $6 million+ value attributed to the same assets by Judgment Debtor Passport International Productions of California, Inc. ("Passport CA") itself just 4 months earlier in D. Pugliese's  divorce matter.  This was a fraud. Inadequate consideration, fake "written agreements", and incredibly, Judgment

---

[1] *see September 24, 2007 Hearing Transcript*, REQ. FOR JUD. NOTICE ("RJN"), EX. 1, BATES STAMP ("BS") P. EP000009, LINES 24-25, P. EP000010, LINES 11-14.

[2] *see generally,* previously filed *Judgment Creditors' Affidavit of Identity to Add Additional Name of Judgment Debtor (*Passport LLC*) to Writ of Exec* (hereinafter "*Affidavit of Id*"), RJN, EX. 2. As shown in the *Affidavit of Id*, Judgment Creditors just discovered the post-April 12, 2006 transactions.

1 Debtors now take the position that all of their assets have just been "placed" in

2 Passport LLC (whatever that means). Essentially, Judgment Debtors argue that all

3 of their assets are now beyond the reach of any of their creditors.

4       These convoluted transactions already prompted this Court to add Passport

5 LLC as an additional judgment debtor to the default judgment in the previous

6 Affidavit of Identity proceedings. Even though this ruling was, and still is,

7 unequivocally supported by overwhelming evidence, *procedural* concerns forced

8 the Court to vacate this decision, and to ultimately make the September 24, 2007

9 ruling.

10       Passport LLC, just like Judgment Debtors, can run but can no longer hide.

11 This Motion is not only supported by substantial evidence, but is now procedurally

12 proper under *California Code of Civil Procedure* Section 187 and applicable case

13 law.

14

15 **Argument**

16

17 I.     **<u>FEDERAL RULES OF CIVIL PROCEDURE SECTION 69 AND</u>**

18         **<u>CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 187</u>**

19         **<u>EMPOWER THIS COURT TO AMEND THE JUDGMENT AND ADD</u>**

20         **<u>PASSPORT INTERNATIONAL ENTERTAINMENT, LLC AS AN</u>**

21         **<u>ADDITIONAL JUDGMENT DEBTOR  BECAUSE IT IS A MERE</u>**

22         **<u>CONTINUATION OF JUDGMENT DEBTOR PASSPORT</u>**

23         **<u>INTERNATIONAL PRODUCTIONS OF CALIFORNIA, INC.</u>**

24

25       Under *Fed. R. Civ. P.* 69(a), and *Cal. Code of Civ. Proc.* Section 187, this

26 Court has the power to amend the judgment in this matter to add Passport LLC as

27 an additional judgment debtor.

28

5

1    Fed. R. Civ. P. 69(a) permits judgment creditors in federal court to use any

2  execution method consistent with the practice and procedures of the state in which

3  the district court sits.  This includes the procedures created to add additional

4  judgment debtors under *Cal. Code of Civ. Proc.* Section 187.[3]

5    *Cal. Code of Civ. Proc.* Section 187 expressly states:

6    When jurisdiction is, by the constitution or this code, or by any other statute,

7    conferred on a court or judicial officer, all the means necessary to carry it

8    into effect are also given; and in the exercise of this jurisdiction, if the

9    course of proceeding be not specifically pointed out by this code or the

10    statute, any suitable process or mode of proceeding may be adopted which

11    may appear most conformable to the spirit of this code.

12    Section 187 has been interpreted to grant courts the authority to amend a

13  judgment to add additional judgment debtors.[4]  Utilizing Section 187, judgments

14  are amended to add additional judgment debtors on the grounds that a person or

15  entity is the alter ego or *mere continuation* of the original judgment debtor.[5]  This

16  is an equitable procedure based on the theory that the court is not amending the

17  judgment to add a new defendant, but is merely inserting the correct name of the

18  real defendant.[6]  See *Standard Hotel Co. v. M. Schwind Co.*, 180 Cal. 348, 354-355

19  (1919) ("it is well established in this state that…where a corporation reorganizes

20  under a new name but with practically the same stockholders and directors and

21  continues to carry on the same business, a court of equity will regard the new

22  corporation as a continuation of the former corporation, and will hold it liable for

23  the debts of the former corporation").

24  ———————————

25  [3] *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (*establishing* that in the 9th Circuit, district courts may use *Cal. Code of Civ. Proc.* Sec, 187 to amend judgments to add additional judgment debtors.)

26  [4] *Id.*

27  [5] *McClellan v. Northridge Park Townhome Owner's Assoc., Inc.*, 89 Cal.App.4th 746, 752-754 (2001).

28  [6] *Id.*

JUDGMENT CREDITORS' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT AND
ADD PASSPORTINTERNATIONAL ENTERTAINMENT, LLC AS ADDITIONAL JUDGMENT DEBTOR

## II.    THERE IS OVERWHELMING EVIDENCE THAT PASSPORT LLC IS THE SAME OR A MERE CONTINUATION OF PASSPORT CA

Passport LLC is a mere continuation/successor entity of Passport CA because the only difference is in the name.  Passport LLC itself confirms this fact. Although Passport LLC was not formed until **April 13, 2006**, it admits, on its various websites, that **"Passport International Entertainment, LLC, has been a producer and worldwide distributor of video programming since 1989."**[7] Considering Judgment Debtor Passport International Productions, Inc. (the first "Passport" entity ever created) was incorporated in **1989**, the implications of this admission are obvious.

In addition, Judgment Creditors have substantial evidence, as this Court has already found at the September 24, 2007 hearing, there is overwhelming evidence that Passport LLC is but a mere continuation of Passport CA.  The chart below summarizes what has previously been submitted to this Court in this regard.

| CATEGORY | PASSPORT CA | PASSPORT LLC |
|---|---|---|
| 1. Owner | Florence Pugliese[8]-Sole Shareholder | Florence Pugliese[9]-Sole Shareholder |
| 2. Executives | Florence Pugliese[10]-CEO Jeanette Pugliese[11] | Florence Pugliese[13]-CEO Jeanette Pugliese[14] |

---

[7] *see Affidavit of Id,* RJN, EX. 2, BS P. EP000020 , PARA. 24, AND P. EP000022, PARA. 30.

[8] *see Testimony of Dante Pugliese*, 6-17-04 Deposition Transcript (hereinafter "DP Depo Transcript)" RJN, EX. 3, BS P. EP000145 (*testifying* that F. Pugliese is the sole shareholder of Passport CA.)*; see also, Judge Kalin's ruling* in Dante Pugliese's divorce matter, RJN, EX. 4, BS P. EP000199 (*ruling* that Florence Pugliese is the sole shareholder of Passport CA).

[9] *see Passport LLC's Ex Parte Application to Stay Execution of the Newly Amended Judgment and Vacate Entry of the Newly Amended Judgment* ("Ex Parte App"), RJN, EX. 5, BS. P. EP000264, lines 19-20 (*verifying* F. Pugliese "wholly" owns Passport LLC.)

7

| | Dante Pugliese[12] | Dante Pugliese[15] |
|---|---|---|
| 3. Business | -Production, Sales & Distribution of Audio & Video Products[16]<br>-National Television Syndication of two poker series:<br>(1) Ultimate Poker Challenge, &<br>(2) Cash Poker Series[17] | -Production, Sales & Distribution of Audio & Video Products[18]<br>-National Television Syndication of two poker series:<br>(1) Ultimate Poker Challenge, &<br>(2) Cash Poker Series[19] |
| 4. Address | 10520 Magnolia Blvd N. | 10520 Magnolia Blvd N. |

[10] *see Passport CA Articles of Incorporation,* RJN, EX. 4, BS. P EP000212 (*listing* F. Pugliese as a Director and C.E.O. of Passport CA.)

[11] *see, supra, DP Depo Transcript,* RJN, EX.3, BS P. EP000146, LINES 8-17. (*testifying* that he [Dante] and Jeanette Pugliese were Co-Presidents of Passport CA.)

[12] *Id.*

[13] *see, supra, Ex Parte App,* RJN, EX. 5, BS. P EP000264, lines 19-20 (*stating* F. Pugliese wholly owns Passport LLC); *see also Passport LLC Articles of Organization,* RJN, EX. 4, BS. P EP000244 (*establishing* F. Pugliese as sole member of Passport LLC.)

[14] *see Decl. of J. Pugliese filed in support of Passport LLC's Supp. Reply opposing the Affidavit of Id.,* ("*Dec. of JP re Supp Reply*"), RJN, EX. 6, BS P. EP000270, PARA. 2. (*stating* that she [Janette Pugliese] is the C.E.O. of Passport LLC.)

[15]

[16] *see supra, Affidavit of Id.,* RJN, EX. 2, BS P. EP000094 - EP000110 (*showing* scope of business of Passport CA as set forth in downloaded content from www.passportproductions.com.); *see also Decl. of Robert Williscroft filed in support of Judgment Creditors' Sur-reply re Affidavit of Id ("Decl. of R. Williscroft re Sur-reply"),* RJN, EX. 7, BS P. EP000290 (*showing* that the production, distribution and sales of audio and video products to be the primary income sources.)

[17] *see Decl. of J. Kim filed in support of J. Creditor's Sur-reply re Affidavit of Id.,* RJN, EX. 8, BS PP. EP000298 (*explaining* Passport CA's news release, issued through PR Newswire on 1/15/05, re Passport CA's creation of the Ultimate Poker Challenge, a syndicated poker program which is now operated by Passport LLC.)

[18] *Id.,* BS P. EP000306 - EP000324 (*introducing* the current content of Passport LLC's websites which shows the scope of business of Passport LLC.)

[19] *see supra,* fn. 17.

8

| | | | |
|---|---|---|---|
| 1 | | Hollywood, CA 91601 | Hollywood, CA 91601 |
| 2 | | Phone: (818) 760-1500 | Phone: (818) 760-1500 |
| 3 | | Fax: (818) 760-1532[20] | Fax: (818) 760-1532[21] |
| 4 | 5. Assets[22] | (Audio/Video Media) | (Audio/Video Media) |
| 5 | | -stock footage library | -stock footage library |
| 6 | | -film archives including | -film archives including |
| 7 | | newsreels, celebrity interviews, | newsreels, celebrity |
| 8 | | & trailers | interviews, & trailers |
| 9 | | -original audio/video | -original audio/video |
| 10 | | productions | productions |
| 11 | | (Production Equipment) | (Production Equipment) |
| 12 | | -Audio/Video Recording & | -Audio/Video Recording & |
| 13 | | Production Studio located at | Production Studio located at |
| 14 | | 10520 Magnolia blvd., North | 10520 Magnolia blvd., North |
| 15 | | Hollywood, CA | Hollywood, CA |
| 16 | | -Avid editing suites | -Avid editing suites |
| 17 | | -Multi-track recording studio | -Multi-track recording studio |
| 18 | 6. Products[23] | -catalog of videos for sale | -catalog of videos for sale |
| 19 | | including musicals features, | including musicals features, |
| 20 | | comedies, biographies, & | comedies, biographies, & |
| 21 | | documentaries | documentaries |

22

---

23  [20] *see supra, Passport CA Articles of Incorporation*, RJN, EX. 4, BS. P EP000212 (*establishing* Passport CA's corporate address to be 10520 Magnolia Blvd., N. Hollywood, CA 91601.)

24  [21] *see supra, Decl. of J. Kim*, RJN, EX. 8, BS PP. EP000306 - EP000324 (*showing* downloads from the current websites of Passport LLC, which highlights its corporate address.)

25  [22] *see Decl. of J. Pugliese filed in support of Passport LLCs Ex Parte Application ("Decl. of JP re Ex Parte")*, RJN, EX. 9, BS PP. EP000390 (*attaching* UCC 1s of F. Pugliese which purport to

26  evidence a valid security interests in the listed assets of <u>Passport CA</u>). *Compare, supra, Decl.*

27  *of J. Kim*, RJN, EX. 8, BS PP. EP000300 (*describing* the audio-video and production assets of <u>Passport LLC</u> as set forth on the home pages and "about us" pages found on

28  www.passportdvd.com and www.passportentertainment.com.)

---

JUDGMENT CREDITORS' NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT AND
ADD PASSPORTINTERNATIONAL ENTERTAINMENT, LLC AS ADDITIONAL JUDGMENT DEBTOR

| | | |
|---|---|---|
| 7. DBAs[24] | -Passport Video<br>-Passport Entertainment | -Passport Video<br>-Passport Entertainment |
| 8. Domain Names[25] | -passportenterainment.com<br>-passportdvd.com<br>-passportaudio.com<br>-ltimatepokerchallenge.com | -passportentertainment.com<br>-passportdvd.com<br>-passportaudio.com<br>-ultimatepokerchallenge.com |
| 9. Titles Sold | At least 50 identical titles | At least 50 identical titles[26] |

### III.    NO ADEQUATE CONSIDERATION WAS GIVEN FOR THE ASSETS OF PASSPORT CA

"California decisions holding that a corporation acquiring the assets of another corporation is the latter's mere continuation and therefore liable for its debts have imposed such liability only upon a showing of one or both of the following factual elements: (1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations." *McClellan v. Northridge Park Townhome Owner's Assoc., Inc.,* 89 Cal.App.4th 746, 754 n.4 (2001). Judgment Creditors have already proven that the officers or stockholders are the same from Passport

---

[23] *see supra, Affidavit of Id.,* RJN, EX. 2, BS PP. EP000023 - EP000026, AND PP. EP000094 - EP000119 (*showing* that the video products sold by judgment debtors Passport and Passport CA are virtually identical to the video products now sold as Passport LLC.)
[24] *see, supra, Decl. of J. Kim,* RJN, EX. 8, BS PP. EP000302 - EP000303 (*establishing* the fictitious names used by Passport CA that are now being used by Passport LLC.)
[25] *Id.,* BS PP. EP000301 - EP000302 (*establishing* the domain names registered to either Passport CA or Passport that are now being used by Passport LLC.)
[26] *see supra,* fn. 23.

10

1  CA and Passport LLC. It is also undisputed that no adequate consideration was
2  given for the assets of Passport CA.

3      In the divorce proceedings between Dante Pugliese and Michele Pugliese,
4  Passport CA submitted an Income and Expense Declaration, valuing its assets (in
5  the attached "Balance Sheet") at over $6,000,000.00.[27] However, F. Pugliese
6  "foreclosed" & "purchased" these assets in 2006 (right after Passport CA informed
7  Judgment Creditors that it was defaulting from the underlying lawsuit), for a little
8  over $3,000,000.00.[28] Now, the claim is that F. Pugliese has "placed" (whatever
9  this means) these assets in Passport LLC.[29] Even without fraud, there is no way to
10 escape the conclusion that inadequate consideration was given for the assets of
11 Passport CA, and thus, Passport LLC is but a mere continuation of Passport CA.

12

13 **IV.    <u>NO DUE PROCESS CONCERNS</u>**

14

15      Adding Passport LLC as an additional judgment debtor presents absolutely
16 no due process concerns. Cases like *Motores De Mexicali S.A. v. Superior Court,*
17 51 Cal.2d 172 (1958), stand for the proposition that a default judgment cannot be
18 amended to add an alter ego as an additional debtor if the alter ego to be added did
19 not have the opportunity to litigate in, or control, the underlying trial.

20      Such a proposition has no application to the instant motion because a mere
21 continuation/successor entity, by definition, cannot claim that it did not litigate or
22 control the underlying trial. For example, in *McClellan*, the California Court of
23 Appeal faced facts virtually identical to this case. The *McClellan* Court found that
24 Northridge Park ("Northridge") was a mere continuation or successor of a debtor
25 corporation (Peppertree). As the *McClellan* Court stated:

26

27 [27] *see Decl. of R. Williscroft re Sur-reply*, RJN, EX. 7, BS P. EP000289.
28 [28] *see, supra, Ex Parte App*, RJN, EX. 5, BS. P. EP000264, LINE 13.
   [29] *Id. at*, LINES 16-19.

1         "Northridge Park contends the judgment should be reversed

2   because, as was the case in NEC Electronics, Inc., it too lacked the

3   opportunity to litigate the underlying action.  However, in our finding

4   that…Northridge Park was the successor corporation to Peppertree,

5   Northridge Park's attempt to bring itself within NEC Electronics, Inc.

6   is unavailing…Northridge Park was a mere continuation of Peppertree

7   under a different name.  Therefore, Northridge Park cannot be heard

8   to complain that because it did not exist at the time the arbitration

9   award was entered, its interests were not represented in the underlying

10  action." *McClellan*, 89 Cal.App.4th at 756.

11        Likewise here, PASSPORT LLC cannot argue that being added to the writ

12  of execution or to the judgment as a debtor would constitute a deprivation of due

13  process because just like Northridge Park, it is nothing but a mere continuation of

14  PASSPORT CA known by a different name.

15

16  **V.    SUCCESSOR LIABILITY MUST BE ATTRIBUTED TO PASSPORT**

17        **LLC BECAUSE THE EVIDENCE SHOWS THAT THE CREATION**

18        **OF PASSPORT LLC AND THE FORECLOSURE BY FLORENCE**

19        **PUGLIESE ON THE ASSETS OF PASSPORT CA CONSTITUTED**

20        **AN ATTEMPT TO DEFRAUD JUDGMENT CREDITORS**

21

22        "Corporations cannot escape liability by a mere change of name or shift of

23  assets when and where it is shown that the new corporation is, in reality, but a

24  continuation of the old.  Especially is this well settled when actual fraud or the

25  rights of creditors are involved, under which circumstances the courts uniformly

26  hold the new corporation liable for the debts of the former corporation."

27  *McCllellan*, 89 Cal.App.4th at 754.

28

1    As clearly established in Section II above, there is substantial evidence

2  establishing Passport LLC to be but a mere continuation of Passport CA.  In

3  addition, as this Court has already recognized at the September 24, 2007 hearing,

4  there is substantial evidence that the creation of Passport LLC, and the transfer of

5  Passport CA's assets to Passport LLC, constituted a fraudulent scheme to avoid

6  Judgment Creditors.

7    The gist of Passport LLC' story is that: (1) one day after Passport CA's

8  counsel informed Judgment Creditors that Passport CA was defaulting in the

9  underlying case, Passport LLC was incorporated; (2) a few days later, Florence

10  Pugliese, the 92 year-old mother of Dante Pugliese, purportedly executed on the

11  assets of Passport CA under "loan agreements;" and (3) Ms. Pugliese then

12  somehow "placed" these same assets in Passport LLC.  Judgment Creditors have

13  shown in filings regarding the Affidavit of Identity proceedings that this story has

14  all the hallmarks of a fraud.  Below is a recap of why this story makes no sense:

15    -Passport LLC claims that Florence Pugliese executed on two loan

16  agreements totaling $3.4 million she signed in 1996 and 1998 with these Passport

17  Judgment Debtors.[30]  However, in a deposition taken in the family law matter on

18  May 18, 2005, she testified there that she loaned about "four or five million

19  dollars" (after she said $400,000) and that there were no loan agreements with

20  Passport:

21    Q.: And how much money do you think you may have loaned to Passport?

22    A.: A lot of money.

23    Q.   A million?

24    [...]

25    THE WITNESS: *About 400,000.*

26    [...]

27

---

28  [30] *see Decl. of JP re Ex Parte,* RJN, EX. 9, BS PP. EP000386 - EP000395  (*attaching* loan
agreements and letters purporting to evidence this debt and foreclosure.)

1    MR. HYMAN:  So just take your time.  How much money, he asked you,

2    did you loan Passport?

3    THE WITNESS:  Well, when I started it?

4    MR. HYMAN:  Over the whole years?

5    THE WTINESS:  *Oh, about four or five million dollars*.

6    Q.  BY MR. PEASE:  Okay.  And do you have contracts for repayment of t

7    hat money with Passport?  Did you have an agreement, a contract?

8    A. *No agreement because I owned it.  Why should I make an agreement.*

9    *No*.[31]  (emphasis added)

10    -   there is absolutely no evidence as to how this purported $3.4 loan was

11    made, or on any other supporting details (e.g., where the money came from, how

12    the money was transferred, for what the loan was used, whether there was

13    corporate authorization…) and there was no finding in the family law proceedings

14    about this purported $3.4 million loan[32];

15    -    the purported loan agreements were never produced in the underlying

16    family law proceedings (trial was held in August 2005), which in turn raise the

17    specter that these documents were forged;[33]

18    -   it appears that the purported loan agreements were created after the fact,

19    not in 1996 or 1998 as dated.  Indeed, paragraph 5 of these agreements purportedly

20    give Florence Pugliese a security interest in a wide variety of the assets of the

21    Passport Judgment Debtors including "all intellectual property; all videos; all

22    account receivables; all contractual rights; and any and all assets."[34]  However, in

23

24    [31] *see Decl. of Robert Williscroft filed in Supp of J. Creditor's Opp. To Passport LLC's Ex Parte

25    App ("Decl. of RW re JC Opp"),* RJN, Ex. 10, BS PP. EP000418, LINE 25 - EP000420, LINE 5.
      (*attaching* 5/2007 depo transcript of F. Pugliese.)

26    [32] *see e.g., Id. at* BS P. EP000401, PARA. 11. ; *see also, generally, supra, Judge Kalin's Ruling,*
      RJN, Ex. 4, BS PP. EP000193.

27    [33] *see supra, Decl. of RW re JC Opp,* RJN, Ex. 10, BS P. EP000401, PARA. 11.

28    [34] *Decl. of JP re Ex Parte,* RJN, Ex. 9, BS PP. EP000386 - EP000389 (*attaching* the two loan
      agreements.)

14

1    the UCC filing of <u>2001</u> (before the underlying lawsuits), Ms. Pugliese only claims

2    a security interest in a *limited* portion of the equipment and fixtures of the Passport

3    Judgment Debtors.[35] Ms. Pugliese waited until April <u>2006</u>, right before trial, to file

4    another UCC statement, once again claiming an interest in *all* of the assets of the

5    Passport Judgment Debtors.[36] If Ms. Pugliese did in fact have a security interest in

6    all of the assets of the Passport Judgment Debtors when she first signed the

7    purported loan agreements in 1996 and 1998, why did this diminish in the 2001

8    UCC filing, considering she claims (in her foreclosure letter of April 14, 2006[37])

9    that no payments on this loan were ever made?

10       -    the timing of the execution on the purported loan agreements (in April

11    2006) is questionable. The loan was purportedly given as far back as in 1995, but

12    Florence Pugliese suddenly had to execute on these agreements in April 2006, right

13    when Judgment Debtors defaulted, just before having to go to trial in the

14    underlying lawsuit?[38]

15       -why was Passport LLC suddenly incorporated in April 2006 on the day

16    after Judgment Debtors' counsel announced that these entities were defaulting at

17    trial, despite the fact that Passport LLC has been in business since at least 1989

18    according to the various Passport websites?

19       -    there is no evidence that in April 2006, PASSPORT CA ( & Judgment

20    Debtors) were unable to pay the purported loans or that their business activities

21    were collapsing. The only inference to make is that Judgment Debtors, in

22    anticipation of a default judgment, made a preemptive move to fraudulently put

23    PASSPORT CA's assets beyond the reach of Judgment Creditors;

24

---

25    [35] *Id. at* BS PP. EP000390 - EP000392 (*attaching* F. Pugliese's UCC 1s.)

26    [36] *Id.*

      [37] *Id. at* BS P. EP000394.

27    [38] *see supra, Id. at* fn. 30 (*attaching* all documents related to this purported loan and

      foreclosure.); *see also Decl. of G. Hedges,* RJN, Ex. 3, BS P. EP000139. PARA. 5. (*testifying* as to

28    when Judgment Debtors abandoned their defense.)

1     - Contradictory representations are made by Florence Pugliese, on March

2 16, 2006, in her Income and Expense Declaration filed in Dante Pugliese's divorce

3 matter ("Income Declaration"). In the "Notes to Fin. Statements" attachment to

4 this Income Declaration, made just two weeks prior to the first purported

5 foreclosure notice dated March 31, 2006, Ms. Pugliese represented:

6       Mrs. Pugliese has given loans [sic] Passport International Productions

7       in excess of $3,000,000. *No substantial principal payments are*

8       *expected* by Mrs. Pugliese...[39] (emphasis added)

9     If no substantial payments were expected, it is difficult to see how that could

10 have changed in just two weeks. This is especially so when one considers there

11 was no apparent reason for this seemingly drastic change in position. PASSPORT

12 CA reported no changes in its July, 2006 Statement of Information, and never filed

13 for bankruptcy[40]. And, there were no seemingly familial differences considering

14 Florence Pugliese continues to maintain her role as the sole member/owner of

15 PASSPORT CA and PASSPORT LLC.

16     - Florence Pugliese, in her April 14, 2006 foreclosure letter, states, as a

17 reason to foreclose, that "...neither Passport International Productions of

18 California, Inc. nor Passport International Productions, Inc. have paid any of the

19 sums due to me per the Loan Agreements..."[41] In the "Financial Statements"

20 attachment to Florence Pugliese's said Income Declaration, however, she lists

21 receiving payment (on "Note 4"), as of December, 2005, in the sum of

22 $36,233.00.[42]

23

24 [39] *see supra, Decl. of R. Williscroft re Sur-reply*, RJN, EX. 7., BS. P. EP000281 ( *attaching* the
Income Decl. of F. Pugliese and the "Notes to Financial Statements", Note 4)
25 [40] *see supra, Decl. of J. Kim*, RJN, EX. 8., BS. P. EP000303 - EP000304, PARA. 24-26. (*showing*
26 proof that Passport CA underwent no changes and that no bankruptcy has ever been filed.)
[41] *see supra, Decl. of J. Pugliese re Ex Parte App*, at fn. 37. (*attaching* the 4-16-06 foreclosure
27 letter .)
[42] *see supra, Decl. of R. Williscroft, re Sur-reply*, RJN, EX. 7., BS. PP. EP000280 - EP000281
28 (*attaching* the Income Decl. of F. Pugliese and the "Financial Statements".)

16

1    - As noted above, adequate consideration was not given for Passport CA's

2    assets;

3    - Passport LLC does not dispute that the son of Florence Pugliese, Dante

4    Pugliese, is the brain behind—and the one running—the various Passport entities

5    and has been found by the family law court that "[o]ver the years, DP formed

6    many companies and corporations often to avoid and evade unpaid creditors from

7    these and prior business dealings."

8

9    In short, the evidence shows the creation of Passport LLC and  Florence

10   Pugliese's purported foreclosure was fraudulently made to put any and all assets

11   beyond the reach of Judgment Creditors.

12

13                    **Conclusion**

14

15   What we have here is that right before trial in April 2006, there was a

16   concerted attempt to put all of the assets of the Passport Judgment Debtors beyond

17   the reach of the Judgment Creditors by abandoning Passport CA for the

18   fraudulently created Passport LLC, and by attempting to put all of Passport CA's

19   assets in the hands of a 92 year old former telephone operator who allegedly

20   owned 100% of both of these Judgment Debtors (as well as 100% of the new entity

21   that this Court has already found to be a mere continuation of the Passport

22   Judgment Debtors) who then inexplicably "placed" (whatever that means) these

23   assets in Passport LLC.  This scheme essentially stripped the Passport Judgment

24   Debtors of all of their assets and left their creditors in the dust.  Plaintiffs are

25   confident that this is just the tip of the iceberg and further investigation further

26   investigations would expose the fraud perpetrated against this Court and Plaintiffs.

27

28

17

1          Simply put, there is overwhelming evidence that PASSPORT LLC is the

2   same or a mere continuation of PASSPORT CA.  PASSPORT LLC should be

3   added to the Judgment.

4

5

    DATED:  November 8, 2007                LEE & TRAN APLC

6

7

8                                      By_____
                                           K. Luan Tran
9                                          Attorneys for Plaintiffs/Judgment
                                           Creditors Elvis Presley Enterprises, Inc.,
10                                         National Bank of Commerce, SOFA
                                           Entertainment, Inc., Jayne Meadows
11                                         Allen, Jerry Lieber, Mike Stoller, Julian
                                           J. Aberbach, and Alfred Wertheimer
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        18

LEE & TRAN APLC
K. Luan Tran, SBN 193808
Johnny Kim, SBN 230853
1055 W. 7th Street, Ste. 2820
Los Angeles, CA 90017
Telephone: (213) 612-3737
Fax: (213) 612-3773
klt@leeandtran.com

Attorneys for Plaintiffs/Judgment Creditors
Elvis Presley Enterprises, Inc., National
Bank of Commerce, SOFA Entertainment,
Inc., Jayne Meadows Allen, Jerry Lieber,
Mike Stoller, Julian J. Aberbach, and
Alfred Wertheimer

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS PRESLEY ENTERPRISES, INC., a Tennessee corporation, NATIONAL BANK OF COMMERCE, trustee of "THE PROMENADE TRUST"; SOFA ENTERTAINMENT, INC., a California corporation; JAYNE MEADOWS ALLEN, trustee of the "ALLEN FAMILY RECOVABLE LIVING TRUST"; JERRY LEIBER, individually and dba JERRY LEIBER MUSIC; MIKE STOLLER individually and dba MIKE STOLLER MUSIC; JULIAN J. ABERBACH and ALFRED WERTHEIMER, an individual;<br><br>        Plaintiffs,<br><br>            vs.<br><br>PASSPORT ENTERTAINMENT, a California corporation; PASSPORT VIDEO, a business of unknown form and origin; PASSPORT INTERNATIONAL PRODUCTIONS, INC., a California corporation; PASSPORT INTERNATIONAL PRODUCTIONS OF CALIFORNIA, INC., a California corporation; DANTE J. PUGLIESE, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV 02-7042 RSWL (RZx)<br><br>**PLAINTIFFS/JUDGMENT CREDITORS' REPLY IN SUPPORT OF MOTION TO AMEND JUDGMENT TO ADD PASSPORT INTERNATIONAL ENTERTAINMENT, LLC AS ADDITIONAL JUDGMENT DEBTOR**<br><br>[Supporting Declaration of David Levy Filed Concurrently]<br><br>Hearing Date:   December 13, 2007<br>Time:              10:00 a.m.<br>Room:             21<br>Judge:            Hon. Ronald S.W. Lew |

1

1

# TABLE OF CONTENTS

2

3    Preliminary Statement.................................................................................. 1

4    Argument..................................................................................................... 2

5    I.    NO ADEQUATE CONSIDERATION GIVEN FOR
6          THE ASSETS OF PASSPORT CA AND PASSPORT NJ .......................... 2

7    II.   ONE OR MORE PERSONS WERE THE OFFICERS,
8          DIRECTORS OR OWNERS OF PASSPORT LLC AND
9          PASSPORT CA ........................................................................................ 3

10   III.  FRAUD ON THE CREDITORS.................................................................. 3
11         A.  The Pugliese Family Pulled The Same Scam At Least Twice Before........ 4
           B.  The Recent Filing By Passport LLC In the New York Case ..................... 5
12         C.  When Did Florence Pugliese Purportedly Start Loaning Money?.............. 7
13         D.  How Much Passport Allegedly Paid Back Florence Pugliese? .................. 7
           E.  The Purported Loans Made By Florence Pugliese To the Passport Entities
14             Are Suspicious And Supported By Inadmissible Evidence............................. 8
15         F.  Other Unexplained Indicia of Fraud........................................................ 10

16   Conclusion................................................................................................... 10

17

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

3 **CASES**

4 *Katzir's Floor and Home Design, Inc. v. M-MLS.com,*
5    394 F.3d 1143, 1150-1151 (9th Cir. 2004)............................................................ 2

6 *Knox v. Phoenix Leasing Inc.,*
7 29 Cal.App.4th 1357, 1365 (1994)...........................................................10

8 *McClellan v. Northridge Park Townhome Owner's Assoc., Inc.,*
9    89 Cal.App.4th 746, 754 (2001) ........................................................................ 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Preliminary Statement**

The more things change, the more they remain the same.  The Opposition does nothing to reverse this Court's finding of September 24, 2007 that "Judgment Debtors improperly conveyed assets to Passport International Entertainment and that Passport International Entertainment is a mere continuation of the Judgment Debtors."  Passport LLC rehashes the same arguments made in various rounds of pleadings before September 24.  However, no matter how many times/ways Passport LLC says the same thing, there is only one truth.  Passport LLC should be added to the default judgment as a mere continuation of the Judgment Debtors on three independent grounds: (i) no adequate consideration was given for the assets of the Judgment Debtors; (ii) Passport LLC is basically the same as Judgment Debtors, with the same officers, directors or stockholders, and business operations; and (iii) the transfer of assets of the Judgment Debtors to Passport LLC was done to defraud creditors.

If anything, the Opposition reveals further lies by Passport LLC and the Pugliese family.  The Opposition also confirms that the story that Florence Pugliese—not Passport LLC—owns all the assets of Judgment Debtors and that she just allowed Passport LLC to "exploit" these assets makes no sense.  As icing on the cake, Plaintiffs just discovered a pleading recently filed by Passport LLC in a New York case in which Passport LLC was trying to assert the contractual rights of the Judgment Debtors.  There, Passport LLC states that Passport LLC—not Ms. Pugliese—owns all these assets via some purported assignment made on the same day Ms. Pugliese "foreclosed" on these assets in April 2006 (when the Judgment Debtors abandoned their defense in the underlying case).  Clearly, Passport LLC and the Pugliese family have no shame.  The Motion should be granted.

1

## Argument

Passport International Entertainment, LLC ("Passport LLC") does not challenge that under the doctrine of successor corporate liability, there are three **independent** grounds to hold a new/successor entity liable for the debts of the former entity: (i) no adequate consideration given for the old entity's assets; (ii) one or more persons were officers, directors or stockholders of both entities; or (iii) fraud on the rights of the creditors. *McClellan v. Northridge Park Townhome Owner's Assoc., Inc.*, 89 Cal.App.4th 746, 754 (2001). *See also Motion* at 10 and 12. All of these grounds are present here.

### I.  NO ADEQUATE CONSIDERATION GIVEN FOR THE ASSETS OF PASSPORT CA AND PASSPORT NJ

No matter how Passport LLC spins it, the evidence is crystal clear that inadequate consideration was given for the assets of Judgment Debtors Passport International Productions of California, Inc. ("Passport CA") and its predecessor Passport International Productions, Inc. ("Passport NJ") at the fraudulent April 26, 2007 "foreclosure sale." On March 14, 2006, Jeanette Pugliese affirmed under penalty of perjury in the divorce proceedings that the assets of Passport CA and Passport NJ (collectively, "Passport Judgment Debtors") were valued at $6,680,952. *Plaintiffs' Request for Judicial Notice* ("Plaintiffs' RJN") at EP000289. Yet, at the "foreclosure sale" a few weeks later, the same assets were purportedly purchased for only "$2,000,000.00" *Declaration of Allen Hyman in Opposition of Motion to Add Passport LLC to the Judgment* ("Hyman Dec."), ¶7. No liabilities were purchased.

In *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150-1151 (9th Cir. 2004), a case cited at length by Passport LLC, the Court held

2

1  that "[i]nadequate consideration is an 'essential ingredient' to a finding that one

2  entity is a mere continuation of another." The Court explained that the

3  "requirement of inadequate consideration in a successor liability case is premised

4  on the notion that when a successor corporation acquires the predecessor's assets

5  without paying adequate consideration, the successor deprives the predecessor's

6  creditors of their remedy." *Id.*  In *Katzir's*, the Court found that adequate

7  consideration was given for the predecessor's asset because such assets were

8  acquired at a foreclosure sale "for more than their appraised value". *Id*. This is

9  not the case here.[1] The Motion should be granted on this ground alone.

10

11    **II.    ONE OR MORE PERSONS WERE THE OFFICERS, DIRECTORS**

12         **OR OWNERS OF PASSPORT LLC AND PASSPORT CA**

13

14         In the moving papers (at 7-10), Plaintiffs introduce overwhelming evidence

15  showing that not only Passport LLC and Passport CA/Passport NJ have the same

16  officers, directors or owners, these entities are identical in every single relevant

17  operational/business aspect.  Passport LLC does not even challenge this showing.

18  This Court should grant the Motion on this independent ground.

19

20    **III.    FRAUD ON THE CREDITORS**

21

22         The story given by Passport LLC makes no sense.  Worse, the Opposition

23  provides further evidence that Passport LLC (and the Pugliese family) cannot keep

24  their story straight on several material respects.

25

26  _____

27  [1] *Katzir's* is also factually distinguishable in that the foreclosure sale there was not fraudulent.
Here, as this Court had found and discussed below, the purported foreclosure sale and transfer of

28  assets to Passport LLC was fraudulent.

3

A.    **The Pugliese Family Pulled The Same Scam At Least Twice Before**

The Pugliese family has a history of folding entities who were being chased by creditors and/or allowing Florence Pugliese to "foreclose" on the assets of those entities before the creditors could get their hands on such assets. They did so on at least two previous occasions.

Jeanette Pugliese admitted in a sworn statement that when Passport NJ was inexplicably folded into Passport CA in 1998, Passport NJ was a "defendant in several lawsuits." *Plaintiffs' RJN* at EP000017-000018.

In the Amended Statement of Decision in the divorce proceedings, the Los Angeles Superior Court found that Dante Pugliese's assets were "foreclosed" by his mother Florence Pugliese right before he declared bankruptcy in 1992:

A security interest in the tapes and licences were acquired by FP prior
to the July 25, 1989 incorporation of PIP-NJ […]   Thereafter, in 1992,
prior to DP's bankruptcy, FP acquired the tapes and intellectual property
of Amvest Video, MAJ Music, and Phoenix Entertainment, by foreclosure pursuant to
FP's security interest protected by her U.C.C. filing [in New Jersey].

*Passport LLC's Request to Take Judicial Notice* ("Passport's RJN") at 35-6.

The LASC also noted that Ms. Pugliese was sued by the bankruptcy trustees for four years (1992-1996) regarding the purported 1992 foreclosure and she eventually settled that lawsuit.  *Id.*

It should also be noted that the UCC filing in New Jersey purportedly made by Ms. Pugliese may have been forged.  Indeed, the New Jersey Secretary of State does not have any record of such filing. *Plaintiffs' RJN* at EP000399-000400.

Fast forward to April 2006.  The Pugliese Family pulled the same stunt right before trial by transferring the Passport Judgment Debtors' assets to Passport LLC when they were facing multi-million dollar lawsuits in this case and the *Turner Entertainment Co. v. Passport International* case.  Thus, common denominator of

4

1  the above transactions is that the creditors of the Pugliese family and its Passport

2  businesses—ran by Dante Pugliese—are left in the dust.  Since 1989 (when

3  Passport NJ was formed), there have been at least 48 civil judgments against the

4  various Passport entities and 23 civil judgments against Dante Pugliese.  *Plaintiffs'*

5  *RJN* at EP000016.  As the Los Angeles Superior Court had found in the divorce

6  proceedings, "over the years, Dante formed many companies and corporations

7  often to avoid and evade unpaid creditors […]."  *Passport's RJN* at 31.

8

9  **B.**    **The Recent Filing By Passport LLC In the New York Case**

10

11      In the Opposition (at 4), Passport LLC claims that following her

12  "foreclosure" of April 26, 2006, Florence Pugliese—not Passport LLC—is now the

13  owner of the assets of the Passport Judgment Debtors, and that Ms. Pugliese only

14  allowed Passport LLC "to exploit" these assets.

15      Passport LLC, however, sings a different tune in a pleading recently filed in

16  New York in an unrelated case.  In November 2007, Passport LLC filed a First

17  Amended Complaint in the *Passport International Entertainment, LLC v. Historic*

18  *Films* (S.D.N.Y. Case No. 07-CV-08194(VM)).  In that case, Passport LLC tries to

19  assert the rights of its predecessor Passport NJ under a contract with Historic

20  Films.  Incredibly, Passport LLC alleges in that FAC that Passport LLC—not Ms.

21  Pugliese—is the current owner of the assets of the Passport Judgment Debtors via

22  some "assignment:"

23         15.  On April 26, 2006, all of PIP's assets, including all causes of action

24         and claims, were purchased at a foreclosure auction by Florence Pugliese.

25         16.  On April 26, 2006, Florence Pugliese **assigned and transferred** the PIP Assets to

26         [Passport LLC].

27      *Declaration of David Levy* ("Levy Dec."), Exhibit A at 8 (emphasis added).

28

5

1      Passport LLC is probably hoping that Plaintiffs would not find out about the

2 New York filing. Be that as it may, what is the truth here?   Is Passport LLC or

3 Ms. Pugliese the current owner of Judgment Debtors' assets? Did Ms. Pugliese

4 just allow Passport LLC to "exploit" these assets (whatever that means) or did she

5 assign and transfer the assets to Passport LLC?   And how come Passport LLC has

6 never come up with the crucial assignment agreement in this case?

7      The truth here is that the Pugliese family has been lying so often and have

8 opened and folded so many Passport companies that it has trouble keeping a

9 straight story.  What this also shows is that the Pugliese family has no qualm about

10 taking inconsistent positions in courts to suit its needs.  When creditors are going

11 after the assets of the Passport Judgment Debtors and Passport LLC (as here), the

12 family would argue that Florence Pugliese owns everything.  But when the family

13 wants to assert the corporate rights of the Passport Judgment Debtors (as in the

14 New York case), the successor entity Passport LLC would claim that it owns

15 everything.

16      The FAC filed in the New York case is telling in another respect.  As this

17 Court may recall, Jeanette Pugliese filed another declaration in the divorce

18 proceedings stating that "in 1998, all of the assets and liabilities of Passport of

19 New Jersey [a.k.a. Passport NJ or Passport International Productions, Inc.] was

20 merged into Passport of California. **Since 1998, Passport of New Jersey has**

21 **been an inactive company, and has conducted no business activities."**

22 *Plaintiffs' RJN* at EP000076 (emphasis added).  The FAC (at ¶15), however, states

23 that Passport NJ was still doing business as late as 2003.  *See Levy Dec.*, Exh. A at

24 5 ("**On July 25, 2003,** Passport International Productions, Inc. ('PIP") signed a

25 Stock Footage License Agreement [...] with Historic [...]") (emphasis added).

26      But there are more inconsistencies and lies.

27

28

6

**C.    When Did Florence Pugliese Purportedly Start Loaning Money?**

Jeanette Pugliese claims in her declaration in support of the Opposition that her grandmother Florence Pugliese started loaning money to the Passport entities in "1993." *Declaration of Jeanette Pugliese* ("Pugliese Dec.") at ¶14.   However, in her previously-filed declaration in support of the Ex Parte Application, Jeanette Pugliese stated that Florence Pugliese began to loan money to the Passport entities in "1995." *Plaintiffs' RJN* at EP000385.   And the story changes again when Florence Pugliese was deposed in the divorce proceedings.  She testified that she started putting money in the Passport entities in "'82, '83." *Declaration of Allen Hyman Authenticating Deposition Excerpts of Florence Pugliese* at 17.

**D.    How Much Passport Allegedly Paid Back Florence Pugliese?**

Passport LLC—via the declaration of Jeannette Pugliese—now claims that during 1993 and 2005, the Passport entities paid back about $1.2 million to Florence Pugliese, thus reducing the money owed to the latter from $4.6 million to $3.4 million. *Pugliese Dec.,* ¶15.  This is another new position.

At her May 19, 2005 deposition, Florence Pugliese testified the follwing:

Q.  How much money has Passport paid you back?

A.  Nothing.

*Declaration of Allen Hyman Authenticating Deposition Excerpts of Florence Pugliese* at 20.

Likewise, in the purported foreclosure letter of April 14, 2006 from Florence Pugliese to the Passport Judgment Debtors, she stated that "neither Passport International Productions of California, Inc. nor Passport International Productions, Inc. have paid any sums due to me." *Pugliese Dec.,* Exh. 6 at 18.

7

1    There is also a third version.  In a sworn statement filed in the divorce

2  proceedings, Jeanette Pugliese stated that Florence Pugliese was repaid

3  $36,233.00 as of the end of 2005.  *Plaintiffs' RJN* at EP000285-000286.

4

5  **E.    The Purported Loans Made By Florence Pugliese To the Passport**

6       **Entities Are Suspicious And Supported By Inadmissible Evidence**

7

8      As another example of its flip-flopping, Passport LLC—via the declaration

9  of Jeanette Pugliese—claims in the Opposition that Florence Pugliese loaned the

10  Passport entities a total of $4,611,649 between 19993 and 2005.  *See Pugliese*

11  *Dec.*, ¶14.  However, that is not what she stated under penalty of perjury in the

12  Income and Expense Declaration filed in the divorce proceedings on March 14,

13  2005.  *See* Plaintiffs' RJN at EP000281 ("Mrs. [Florence] Pugliese has given loans

14  to Passport International Productions in excess of $3,000,000").  Clearly, there is a

15  huge difference between $4,611.649 and $3,000,000.  As a self-described

16  accounting professional, Jeanette Pugliese surely understands this difference and

17  the need to be precise, particularly in statements made under penalty of perjury.

18      Moreover, as this Court knows, the parties have gone through at least three

19  previous rounds of pleadings regarding the issues raised in this Motion.  It is telling

20  Passport LLC never alleged in its previous pleadings the purported loan amount of

21  $4,611,649, undisputedly a crucial information.

22      In addition to the flip-flopping, the "evidence" submitted by Passport LLC

23  to support its new position that Florence Pugliese loaned the Passport Judgment

24  Debtors $4,611,649 between 1993 and 2005 are inadmissible.  Passport LLC

25  submits hundreds of checks (most of them made by third parties to Florence

26  Pugliese) and deposit slips as exhibits to the Declaration of Jeanette Pugliese.

27  However, the checks are unauthenticated, there is no copy of the back of the

28  checks, and there is no evidence that they were even cashed.  Further, there is no

8

1 | showing that these checks were endorsed to the Passport Judgment Debtors or that
2 | the money from these checks was in turn loaned to the Passport Judgment Debtors.
3 | Indeed, virtually all of the deposit slips are unauthenticated in that, with a very few
4 | exceptions, the deposit slips were not signed by or do not bear the stamp of the
5 | relevant banks.  Passport LLC also fails to provide authenticated bank statements
6 | or records showing that the money from the third party checks was in fact
7 | deposited into the accounts of the Passport Judgment Debtors.   Passport LLC also
8 | provides no contemporaneous document reflecting the various loans made by
9 | Florence Pugliese between 1993 and 2005.  In her deposition, she responded
10 | "sometimes yes, sometimes no" when asked whether she had a written agreement
11 | every time she loaned money to the Passport Judgment Debtors.  See *Declaration*
12 | *of Allen Hyman Authenticating Deposition Excerpts of Florence Pugliese* at 35.  In
13 | sum, Passport LLC's "evidence" of the alleged $4,611,649 loan is unauthenticated,
14 | hearsay and violates the best evidence rule, and thus should be disregarded.

15 |     Be that as it may, the checks submitted by Passport LLC with its Opposition
16 | provide further insights into the fraud perpetrated on the creditors of the Passport
17 | Judgment Debtors.  Several of the checks are from music companies (Essex
18 | Entertainment, Memory Lane Music, Larry Spier, Inc. for MAJ Music, Janus
19 | Records…) but made to Florence Pugliese.  Why would this retired telephone
20 | operator receive checks from these companies?  Shouldn't these checks be made to
21 | the Passport Judgment Debtors because they were payments for products sold by
22 | Passport Judgment Debtors?  For example, the checks from Essex Entertainment
23 | were made out to "Florence Pugliese c/o Passport Int'l Productions" (Pugliese
24 | Dec., at 122), and the checks from Memory Lane and Larry Spier contain the
25 | notation of "Quarterly Royalties, MAJ Music" (Pugliese Dec., at 154).  The answer
26 | is simple.  The Pugliese family likely directed these companies to make the checks
27 | to Ms. Pugliese—rather than to the Passport Judgment Debtors—so that the
28 | creditors of these debtors could not put their hands on these checks.

9

1

## F.    Other Unexplained Indicia of Fraud

2

3        In the Motion (at 113-16), Plaintiffs identify other examples of why the

4    story advanced by Passport LLC makes no sense (suspicious timing of the April

5    2006 formation of Passport LLC and the foreclosure sale; indications that the

6    alleged written loan agreements were created after the fact; admission on

7    company's website that Passport LLC has been doing business since 1989).

8    Tellingly, Passport LLC ignores these examples in the Opposition.[2]

9

10                                   **Conclusion**

11

12        As stated previously, Passport LLC can run but can no longer hide.  It

13    should be added as a judgment debtor to the default judgment.

14    DATED:  December 5, 2007                    LEE & TRAN APLC

15

16                                    By

17                                       K. Luan Tran
                                         Attorneys for Plaintiffs/Judgment
18                                       Creditors

19    _____

20    [2] It is also noted that Passport LLC's argument regarding Florence Pugliese's purported rights
      under the UCC is irrelevant.  The relief sought by Plaintiffs in this Motion—adding a judgment

21    debtor under the successor liability theory—is clearly permitted by CCP section 187 and FRCP
      section 69.  Motion at 5-6.  In fact, this is what Passport LLC previously argued in its Ex Parte

22    Application.  Plaintiffs' RJN at EP000247 ("PIE-LLC contends that plaintiffs may only proceed
      to add PIE-LLC as a judgment debtor by a regularly noticed motion [...] pursuant to California

23    Code of Civil Procedure 187").

24    Further, the fraud perpetrated by the Pugliese family and its Passport businesses negate any right
      they may have (if any) under the UCC.  This is a rule set forth in a case cited by Passport LLC.

25    See Knox v. Phoenix Leasing Inc., 29 Cal.App.4th 1357, 1365 (1994) ("At one end of the scale is
      fraud, which in its myriad forms is 'the very essence of wrong; conduct that has always been and

26    always will be wrong, according to the common judgment of mankind; conduct that cannot be
      dressed up or manipulated or associated so as to invest it with any element of right.' [...] The

27    California Uniform Commercial Code gives it no sanction (§ 1103) and courts applying the

28    Uniform Commercial Code are equally stern").

                                         10

## PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF LOS ANGELES)

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 2820; Los Angeles, CA 90017.

    On **December 5, 2007**, I served the foregoing document(s) described as:

- **PLAINTIFFS/JUDGMENT CREDITORS' REPLY IN SUPPORT OF MOTION TO AMEND JUDGMENT TO ADD PASSPORT INTERNATIONAL ENTERTAINMENT, LLC AS ADDITIONAL JUDGMENT DEBTOR**

    on the interested parties in this action.

[X]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Michael R. Blaha, Esq.<br>Law Offices of Michael R. Blaha<br>2530 Wilshire Boulevard, Third Floor<br>Santa Monica, CA 90403 | Allen Hyman, Esq.<br>Law Offices of Allen Hyman<br>10737 Riverside Drive<br>North Hollywood, CA 91602 |
| George R. Hedges<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | |

[X]    **BY MAIL:** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 5, 2007**, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LYNETTE W. SUKSNGUAN
_____
Type or Print Name

_____
Signature

PROOF OF SERVICE

*Declaration of DMC*

1  LEE & TRAN APLC
   K. Luan Tran, SBN 193808
2  Johnny Kim, SBN 230853
   1055 W. 7th Street, Ste. 2820
3  Los Angeles, CA 90017
   Telephone: (213) 612-3737
4  Fax: (213) 612-3773
   klt@leeandtran.com
5
6  Attorneys for Plaintiffs/Judgment Creditors
   Elvis Presley Enterprises, Inc., National
7  Bank of Commerce, SOFA Entertainment,
   Inc., Jayne Meadows Allen, Jerry Lieber,
8  Mike Stoller, Julian J. Aberbach, and
   Alfred Wertheimer
9
10                  UNITED STATES DISTRICT COURT
11                  CENTRAL DISTRICT OF CALIFORNIA
12
13  ELVIS PRESLEY ENTERPRISES, INC., a )   Case No. CV 02-7042 RSWL (RZx)
    Tennessee corporation, NATIONAL BANK )
14  OF COMMERCE, trustee of "THE        )   DECLARATION OF DAVID M. LEVY
    PROMENADE TRUST"; SOFA              )   IN SUPPORT OF JUDGMENT
15  ENTERTAINMENT, INC., a California    )   CREDITORS' MOTION TO AMEND
    corporation; JAYNE MEADOWS ALLEN,   )   JUDGMENT TO ADD PASSPORT
16  trustee of the "ALLEN FAMILY        )   ENTERTAINMENT, LLC AS AN
    RECOVABLE LIVING TRUST"; JERRY      )   ADDITIONAL JUDGMENT DEBTOR
17  LEIBER, individually and dba JERRY   )
    LEIBER MUSIC; MIKE STOLLER          )
18  individually and dba MIKE STOLLER    )
    MUSIC; JULIAN J. ABERBACH and       )   Hearing Date: December 13, 2007
19  ALFRED WERTHEIMER, an individual;   )   Time:         10:00 a.m.
                                        )   Room:         21
20        Plaintiffs,                   )   Judge:        Hon. Ronald S.W. Lew
                                        )
21        vs.                           )
                                        )
22  PASSPORT ENTERTAINMENT, a           )
    California corporation; PASSPORT VIDEO, )
23  a business of unknown form and origin; )
    PASSPORT INTERNATIONAL             )
24  PRODUCTIONS, INC., a California     )
    corporation; PASSPORT INTERNATIONAL )
25  PRODUCTIONS OF CALIFORNIA, INC.,    )
    a California corporation; DANTE J.   )
26  PUGLIESE, an individual, and DOES 1  )
    through 10, inclusive,              )
27                                      )
          Defendants.                   )
28  ─────────────────────────────────

                                   1

# DECLARATION OF DAVID M. LEVY

I, DAVID M. LEVY, do hereby declare and state as follows:

1.    I am an attorney at law, duly licensed to practice law before all of the courts of the State of New York, and am employed by the law firm of Robinson Brog Leinwand Greene Genovese & Gluck, P.C. 1345 Avenue of the Americas, 31st floor New York, N.Y. 10105-0143.

2.    I am making this declaration in support of Judgment Creditors' MOTION TO AMEND JUDGMENT TO ADD PASSPORT ENTERTAINMENT, LLC AS AN ADDITIONAL JUDGMENT DEBTOR.

3.    I am, and have been at all relevant times, one of the attorneys for Defendant HISTORIC FILMS ARCHIVE, LLC, a New York limited liability company in a different federal matter of PASSPORT INTERNATIONAL ENTERTAINMENT, LLC, a California limited liability company v. HISTORIC FILMS ARCHIVE, LLC, a New York limited liability company, which matter is venued in the United States District Court, Southern District of New York ("New York Matter").

4.    I attach hereto, as Exhibit A, a true and correct copy of the First Amended Complaint ("FAC") filed by PASSPORT INTERNATIONAL ENTERTAINMENT, LLC in the New York Matter.  Even though the FAC does not have a conformed stamp from the Court, as one of the attorneys for defendant HISTORIC FILMS ARCHIVE, LLC, I know this is a true and correct copy of the operative FAC in said New York Matter.

2

5.    On December 4, 2007, the FAC attached hereto as Exhibit A was downloaded from the Court's official website under my direct supervision and control.  Exhibit A hereto was the only version that was available.  Thus, to further help authenticate Exhibit A, I caused a true and correct copy of the Court's Civil Docket to be downloaded as well, which expressly sets forth the filing of the FAC, on November 1, 2007, as entry number 6.

I have personal knowledge of the facts just set forth and I could, and would, testify to same if called upon to do so.  I declare under the laws of the State of New York and the United States that the above is true and correct.

_____
David M. Levy

3

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| PASSPORT INTERNATIONAL ENTERTAINMENT, LLC, a California Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| -against- | ) ) |
| HISTORIC FILMS ARCHIVE, LLC, a New York Limited Liability Company | ) ) ) |
| Defendant. | ) ) |

Civil Action No.

**<u>FIRST AMENDED
COMPLAINT</u>**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff PASSPORT INTERNATIONAL ENTERTAINMENT, LLC

("PASSPORT") by its attorneys Caplan & Ross, LLP and Michael R. Blaha, for its complaint

alleges as follows:

1.      PASSPORT is a limited liability company organized under the laws of the State

of California with its principal place of business in North Hollywood, California.  PASSPORT

is in the business of producing and distributing programs for television broadcast and home

video, including documentaries featuring famous Hollywood actors and musicians.

2.      Defendant HISTORIC FILMS ARCHIVE, LLC ("HISTORIC") is a limited

liability company formed under the laws of the state of New York with its principal place of

business in Greenport, New York.  HISTORIC is in the business of licensing stock footage to

third parties.

1

Exhibit _A_

Page _4_

3.     This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand ($75,000) dollars.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

4.     On July 25, 2003, Passport International Productions, Inc. ("PIP") signed a "Stock Footage License Agreement" (the "Agreement") with HISTORIC, whereby HISTORIC licensed PIP the right to use "KISS Performance Footage," (the "Stock Footage") which consisted of footage of the musical group KISS at a concert in Roosevelt Stadium in 1976 (the "Roosevelt Concert"), for use in PASSPORT's home video program, "THE KISS VAULT" (re-named "KISS: THE LOST CONCERT." before its release to the home video market) (the "Program"). Paragraph 6.B. of the Agreement provides:

> "Licensor warrants only that it has the right to grant this License with respect to the copyright of the Stock Footage and agrees to indemnify and to hold Licensee harmless only to the extent of any third-party claims for infringement of any motion picture copyright or **any other claims of unauthorized use of <u>any</u> rights arising from exploitation of the motion picture footage as expressly authorized herein."** (Emphasis supplied.).

A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

5.     On August 13, 2003, PIP's in-house business affairs executive, Anthony Mercaldi ("Mercaldi), spoke with Kevin Rice ("Rice"), an executive at HISTORIC to confirm just what rights PIP secured.  Rice informed Mercaldi that as long as the performance was not lip-synched, PIP did not need any additional clearances to use the footage.   Mercaldi sent Rice a brief fax that

2

same day, confirming that conversation. A true and correct copy of that August 13, 2003 fax is attached hereto as Exhibit "B" and incorporated herein by reference.

6.    On September 4, 2003, Mercaldi sent a fax to Rice asking for "any documents that we [PIP] may provide to our distributor to assure them that PIP has the performance rights incorporated in the audio-visual work." That fax, which is attached hereto as Exhibit C and incorporated herein by reference, stated, in relevant part:

> "Please accept this as a follow-up to our telephone conference of 8/13/03 and my confirmation fax to your attention of the same date. As you may recall, I contacted you to verify that the license Passport secured from Historic Films concerning the Kiss Performance Footage (to follow for your review) *included the underlying rights in the live performance itself,* including all musical sound recordings (not including music composition rights.)" (emphasis supplied).

Rice called Mercaldi back that same day and assured him that the Agreement conveyed all rights necessary for PIP to exploit the live performance in the Program.

7.    Mercaldi subsequently sent a fax to Rice including a proposed rider to the Agreement to clarify its terms (the "Rider"). The Rider states in relevant part:

> "Licensor [HISTORIC] acknowledges that the Stock Footage includes the underlying visual images and sound recordings (*including the live musical performances*) incorporated into the Stock Footage, excluding any pre-recorded music or vocals that may have been synched or lip-synched into the live performance. . ." (Emphasis supplied).

HISTORIC's President, Joe Lauro, signed the Rider and faxed it back to PIP on September 9, 2003. A true and correct copy of the fully executed Rider is attached hereto as Exhibit D and incorporated herein by reference.

8.    On November 24, 2003, KISS Catalog, Ltd., Gene Klein p/k/a/ Gene Simmons and Paul Stanley ("KISS") filed a Complaint in the United States District Court of the Central

3

Exhibit *A*

Page *0*

District of California against PIP for trademark infringement, trademark dilution, false

endorsement, misappropriation of name and likeness, violation of California Business and

Professions Code § 17200 and common law unfair competition in connection with the Program

(the "Underlying Action").   All of KISS's Claims for Relief in that initial Complaint in the

Underlying Action arose in whole or in part from PIP's use of the Stock Footage in the Program.

On December 17, 2003, the Court issued a preliminary injunction against PIP's continued

marketing and distribution of the Program ("First Preliminary Injunction"). On January 9, 2004,

KISS filed a First Amended Complaint stating the same six Claims for Relief.

9.      On January 20, 2004, PIP appealed the Court's Order granting the injunction to

the United States Court of Appeals for the Ninth Circuit.

10.      On March 15, 2004 KISS filed a Motion for Summary Judgment.   The Court

denied that Motion for Summary Judgment on August 17, 2004.

11.      On August 31, 2004, KISS filed their Second Amended Complaint which, for the

first time, included a Claim for Relief under 17 U.S.C. § 1101, alleging that the Roosevelt

Concert was filmed without their consent.

12.      On September 22, 2004, the Ninth Circuit reversed the Court's December 23,

2003 Order and vacated the First Preliminary Injunction.   On October 18, 2004, KISS filed a

Third Amended Complaint ("TAC").   The TAC, for the first time, alleged that KISS owned the

copyright in the Roosevelt Concert Footage as an employer for hire or assignee, and included an

Eighth Claim for Relief for Copyright Infringement.

13.      KISS filed another Motion for a Preliminary Injunction against PIP's marketing

and distribution of the Program, this time based on PIP's alleged infringement of KISS's

4